RIVERA ET AL. *v*. TOUS SOTO, DISTRICT JUDGE.

APPLICATION for the Writ of *Certiorari*.

No. 16.—Decided June 22, 1906.

JURISDICTION—APPEAL—MUNICIPAL COURTS—DISTRICT COURTS—BOND.—When a municipal court has imposed sentence on the defendant and the latter has appealed therefrom, from the moment that he has given bond and has been set at liberty, the district court has acquired, and the municipal court lost, jurisdiction of the case, although in some instances of mistake or fraud the municipal court may retain jurisdiction for the correction thereof.

ID.—DISCHARGE OF BONDSMEN IN CRIMINAL CASES.—The proceeding to discharge a bond executed in a criminal cause should be had in the court in which the cause is pending or, if there has been an appeal, in the court to which the cause has been taken.

ID.—The proceeding set forth in sections 393 to 395 of the Code of Criminal Procedure to obtain the discharge of the bondsmen must be followed.

ID.—FORFEITURE OF BOND.—If a court forfeits, and summarily proceeds against, a bond in accordance with sections 396 to 399 of the Code of Criminal Procedure, it commits no error.

The facts are stated in the opinion.
*Mr. Benítez Castaño* for petitioner.

*Mr. Rossy, fiscal,* for defendant.

MR. JUSTICE WOLF delivered the opinion of the court.

At the instance of Rafael Esbrí and Juan Orta, application was made to this court for a writ of *certiorari* to be directed to the District Court of Ponce. The writ was accordingly issued and the original papers duly transmitted to this court. From the record it appears that on March 24, 1905, the said Esbrí and the said Orta signed a bond on appeal from the Municipal Court of Ponce in the case of Brígida Olivencia, who was found guilty by that court of petit larceny and duly sentenced. On the 11th of May, 1905, the attorney of Brígida Olivencia applied to the Municipal Court of Ponce to be allowed to substitute new sureties, alleging that the original sureties desired to be relieved of their responsibility. There is nothing in the record to show that the latter made any surrender or offered to surrender the accused.

The Municipal Court of Ponce on the 29th day of June, 1905, made an order to the effect that a new bond having been entered into the original one should be cancelled. The new bond bears the names of Alcántaro Chamorro and Ignacio Vidal. When the case was called for trial in the District Court of Ponce the defendant did not appear, it being shown that she had fled from the Island. That court after a trial found the defendant guilty of petit larceny and sentenced her to pay a fine of $400, with alternative imprisonment, and ordered that the sureties be cited for the purpose of paying the fine. In answer to this citation Chamorro and Vidal appeared and declared that the signatures subscribed to the substituted bond were not placed there by them, and inquiry made of the municipal judge showed that the said Chamorro and Vidal were not the persons who presented themselves to him when the bond was signed. Whereupon proceedings were instituted against the petitioners in this case.

The said petitioners maintain that the action of the municipal court released them from their obligation, and that the district court is erroneously proceeding against them

without authority of law. The case was heard in this court upon the demurrer of the *fiscal.*

There appears in the record before us a copy of the order of the district court, which reads as follows:

"*No. 212.*—Year 1905. *The People of Porto Rico* v. *Brígida Oli-vencia.* Ab. Llorens. Larceny. The motion of The People of Porto Rico presented by the prosecuting attorney, Don R. Ulpiano Colón, to require and oblige the sureties of the accused, Rafael Rivera and Juan Ortas, to pay the fine and costs imposed against the same in the judgment rendered by this court on appeal; and the said sureties having been heard through their counsel, Don Luis Llorens Torres.

"*Whereas*, on the 13th of October last this court rendered a judgment on appeal affirming the judgment of the Municipal Court of Ponce, which condemned the accused for the crime of petit larceny to the payment of $400 and the costs.

"*Whereas*, on the 24th of March of the current year an appeal was taken from the judgment and on the same day a bond was given by the said sureties, and the same was approved, it being ordered at the same time that the record be sent up on appeal to this court.

"*Whereas*, on the 28th of June last, and therefore when the trial court had no jurisdiction of the case, the said appeal bond was cancelled by the court, on account of another bond having been constituted.

"*Whereas*, said cancellation has no legal effect whatever on account of the lack of jurisdiction in the municipal court, and the first bond is in force and payment of the same may be required, specially inasmuch as the second bond cannot be made effective, since the sureties cannot be found.

"Therefore, the court must adjudge, and does adjudge, the said sureties to pay jointly a fine of $400 and the costs of both proceedings, amounting to ———, for which let execution issue against the same."

The question is thus presented whether the municipal court had jurisdiction to cancel the original bond and release the petitioner. At the hearing before us some question was raised as to whether the papers in the case has been duly sent to the District Court of Ponce, but we think it makes very little difference whether there had been an actual manual transfer of the same. From the moment that the sureties

signed the bond and the prisoner was allowed to go at large the jurisdiction of the District Court of Ponce commenced and the powers of the municipal judge ceased. It may be that in some instances of mistake or fraud the municipal judge might have some power of correction, but these powers are exercised only in that way.

The general principle as set forth in the American and English Encyclopedia of Law, volume 1, page 623, is as follows:

"Though on an appeal proper the cause is tried *de novo*, yet it is but a continuation of the old cause; and when the appeal is properly taken it becomes a supersedeas, or a stay of proceedings to enforce execution. When the appeal is perfected and the bond is properly executed the jurisdiction and control of the court below ceases, and no motion can be entertained during the pendency of the appeal. Where, however, the court below has no jurisdiction, none arises in the appellate court by virtue of the appeal."

The cases cited in the footnotes allude mostly to cases of appeal from courts of record, where in some instances the court has control of its judgment until the close of the term at which it was rendered, but the principle of the text cited is all the stronger in the case of a municipal court which has no terms as the word is understood in courts of record.

And the second paragraph of section 393 of the Code of Criminal Procedure specifically provides for the exoneration of bail by proceedings in the "court in which the action or appeal is pending," as well as for the manner of the application.

In the case at bar nearly two and a half months elapsed between the giving of the original bond and the motion for its cancellation. If the papers were not actually transmitted within that time to the district court they surely ought to have been, and whether they were or not, it was the perfecting of the bond which gave jurisdiction to that court. Even supposing that the municipal court had had jurisdiction, it does

not appear that the law was complied with which requires the surrender of the defendant in order to obtain the release of the surety. The whole matter, however, was properly before the district court, where any attempt for substitution of the bond should have been made, in the manner provided by sections 393-395 of the Code of Criminal Procedure regulating the surrender of the defendant.

It is also alleged in the petition that the District Court of Ponce has ordered the collection of the bond, and with this end in view, without the requirement of a civil suit, and without hearing the petitioners an auction is being held of the property of the said petitioners.

It appears, however, from the order of the court that the sureties were heard before the court pronounced judgment against them. The whole matter of the forfeiture of the undertaking of bail and deposit of money is regulated by chapter 7, title 10, of the Code of Criminal Procedure, being sections numbered from 396 to 399. The last-named section provides:

"In all cases of the forfeiture of bail bond the court shall enter judgment thereon summarily against the sureties and thereupon execution shall, issue to enforce payment of the judgment."

The sureties were duly heard, if such hearing was necessary, and we find no error in the proceedings of the court below. The writ of *certiorari* issued in the case must therefore be quashed and the papers sent back to the District Court of Ponce for its further proceedings in the matter.

*Writ Denied.*

Chief Justice Quiñones, and Justices Hernández, Figueras and MacLeary concurred.